**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 00-2483**

———————

THEODROS BEFEKADU,

Petitioner,

versus

U.S. IMMIGRATION & NATURALIZATION SERVICE,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (No. A70-654-124)

———————

Submitted: April 17, 2001            Decided: May 9, 2001

———————

Before WIDENER, WILLIAMS, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David Goren, LAW OFFICE OF DAVID GOREN, Silver Spring, Maryland, for Petitioner. Stuart E. Schiffer, Acting Assistant Attorney General, David V. Bernal, Assistant Director, Brenda E. Ellison, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Theodros Befekadu, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. Befekadu contends he qualified for relief because of past persecution in the form of a six-month detention by Ethiopia's transitional government following the overthrow of Mengistu's brutal Marxist regime. While we do not condone Befekadu's detention, we find that substantial evidence supports the Board's conclusion that it does not qualify as persecution within the meaning of the Immigration and Nationality Act. 8 U.S.C. § 1105a(a)(4) (1994);[*] 8 U.S.C.A. § 1101(a)(42)(A) (West 1999); Fatin v. INS, 12 F.3d 1233, 1240, 1243 (3d Cir. 1993); M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc).

We accordingly affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable here under the terms of the transitional rules contained in § 309(c) of the IIRIRA.